IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DILLON FROSH, a minor child, by his mother and next friend, REBECCA ROHRBOUCK, | ) ) ) ) | |
| Plaintiff, | ) ) | 7:06CV5014 |
| vs. | ) ) | ORDER |
| NORTH PLATTE PUBLIC SCHOOLS, | ) ) ) | |
| Defendant. | ) | |

    This matter is before the court on the defendant's Motion to Strike Request for Jury Trial (Filing No. 18) and Motion for Leave to Amend Defendant's Answer (Filing No. 20). This cases arises from Dillon Frosh's attendance at the defendant's facility located at McDonald Elementary School. The plaintiff alleges Dillon Frosh has a disability as defined by § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and under the Individuals with Disabilities Act (IDEA), 20 U.S.C. § 1400 *et seq.*, because Dillon Frosh has Attention Deficit Hyperactivity Disorder (ADHD). The plaintiff alleges Dillon Frosh was discriminatorily excluded from music education programs, physical education programs, access to the school library, and selective exclusion from classroom participation and activities. **See** Filing No. 1, p. 6. Additionally, the plaintiff alleges the defendant discriminated against Dillon Frosh by excluding him from participating in a program receiving federal financial assistance when the defendant applied disciplinary procedures in a manner inconsistent with how the procedures were applied to children without disability. *Id.* The plaintiff seeks compensatory damages for the costs of counseling and therapy, emotional trauma, and pain and suffering. *Id.* p. 7.

    In the complaint, the plaintiff requested a trial by jury. **See** *id.* p. 7. The defendant now seeks to strike the jury demand and to amend its answer to the complaint. The court will determine the merits of each motion below.

**I.      Motion to Strike**

The defendant filed a brief (Filing No. 19) and a reply brief (Filing No. 24) in support of its motion to strike.  The defendant contends the plaintiff may not have a jury trial because (1) Nebraska's Political Subdivisions Tort Claims Act (Tort Claims Act) precludes a jury trial as against a political subdivision, and (2) neither the Rehabilitation Act nor the IDEA expressly state or imply that the plaintiff is entitled to a trial by jury.  The plaintiff filed a brief (Filing No. 23) in opposition to the motion to strike.  The plaintiff denies the Tort Claims Act applies and contends a jury trial is warranted.

The Tort Claims Act provides:

> The Legislature hereby declares that no political subdivision of the State of Nebraska shall be liable for the torts of its officers, agents, or employees, and that no suit shall be maintained against such political subdivision or its officers, agents, or employees on any tort claim except to the extent, and only to the extent, provided by the Political Subdivisions Tort Claims Act.  The Legislature further declares that it is its intent and purpose through this enactment to provide uniform procedures for the bringing of tort claims against all political subdivisions, whether engaging in governmental or proprietary functions, and that the procedures provided by the act shall be used to the exclusion of all others.

Neb. Rev. Stat. § 13-902.

The defendant North Platte Public Schools is a public school district of the State of Nebraska.  **See** Filing No. 9 - Answer ¶ 4.  The plaintiff's complaint states that "Plaintiff was a student at the Defendant's facilities located at McDonald Elementary School" (Filing No. 1 at ¶ 7), that he transferred between "schools within the Defendant's district" (***Id.*** at ¶ 18), and that "[a]t all material times Defendant is and has been a public school district" (***Id.*** at ¶ 21).  The defendant's status as a school district classifies it as a political subdivision of the State of Nebraska under Neb. Rev. Stat. § 13-1612.

The Tort Claims Act defines tort claim as:

> any claim against a political subdivision for money only on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the political subdivision, while acting within the scope of his or her office or

> employment, under circumstances in which the political subdivision, if a private person, would be liable to the claimant for such damage, loss, injury, or death

Neb. Rev. Stat. § 13-903(4).

The plaintiff's complaint seeks money damages against a political subdivision. **See** Filing No. 1 p. 7. Additionally, the complaint alleges wrongful acts or omissions by employees of the political subdivision. *Id.* p. 6. Accordingly, even though the wrongful conduct is alleged as a violation of the Rehabilitation Act and/or the IDEA, the action is one under the Tort Claims Act. There is no question in this matter that the defendant has waived sovereign immunity as to the suit. **See *Jim C. v. Arkansas Dep't of Educ.***, 235 F.3d 1079, 1081 (8th Cir. 2000) ("The Rehabilitation Act requires States that accept federal funds to waive their Eleventh Amendment immunity to suits brought in federal court for violations of Section 504.") (**citing** 42 U.S.C. § 2000d-7).

The defendant denies, however, that it has waived sovereign immunity as to the matter being heard by a jury. Under the Tort Claims Act:

> Jurisdiction, venue, procedure, and rights of appeal in <u>all suits brought under the Political Subdivisions Tort Claims Act</u> . . . shall be determined in the same manner as if the suits involved private individuals, except that such suits <u>shall be heard and determined by the appropriate court without a jury</u>.

Neb. Rev. Stat. § 13-907 (emphasis added).

Under the statute, the State of Nebraska has not fully abrogated its sovereign immunity to permit jury trials against its political subdivisions. Another court explained:

> [S]uits against the State [ ] or a school district are not "suits at common law." As with the federal government, the State must waive sovereign immunity in order to be sued. When the State does waive sovereign immunity, it may attach any conditions to its consent, such as a provision excluding trial by jury.

***Wells by Wells v. Panola County Bd. of Educ.***, 645 So.2d 883, 898 (Miss. 1994).

There is no provision in the Rehabilitation Act or the IDEA either imposing a waiver of sovereign immunity including a jury trial or even requiring trial by jury. Although the plaintiff cites cases outside this circuit where jury trials were allowed on Rehabilitation Act claims, those cases did not involve clear statutory language containing a provision

3

excluding trial by jury. Therefore, although a plaintiff under other circumstances may be eligible for trial by jury for claims brought pursuant to the Rehabilitation Act, the plaintiff here is not eligible for a trial by jury against this defendant. For this reason, the plaintiff's demand for jury trial will be stricken.

## II.     Motion to Amend

The defendant filed a brief (Filing No. 21) in support of its motion to amend (Filing No. 20). The defendant also attached to the motion an unsigned copy of the proposed amended answer, in compliance with NECivR 15.1(a). **See** Filing No. 20, Exhibit A. The defendant seeks to amend the answer to address factual allegations made by the plaintiff. The defendant's motion is timely made. **See** Filing No. 12, ¶ 8 (Progression Order). The plaintiff does not oppose the motion to amend. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Unless there is a good reason for denial, such as "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment" leave to amend should be granted. ***Doe v. Cassel***, 403 F.3d 986, 990-91 (8th Cir. 2005) (citation omitted). Accordingly, the defendant's motion to amend will be granted. Upon consideration,

### IT IS ORDERED:

1.      The defendant's Motion to Strike Request for Jury Trial (Filing No. 18) is granted. The plaintiff's demand for trial by jury is stricken, any trial in this matter will proceed without a jury.

2.      The defendant's Motion for Leave to Amend Defendant's Answer (Filing No. 20) is granted. The defendant shall have to **on or before November 30, 2006**, to filed the amended answer.

DATED this 21st day of November, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge